UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN GRAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br>Defendants. | Civil Action No: 07 Civ. 9790 (SHS) (DCF) |
| SHAUN ROSE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 10,<br><br>Defendants. | Civil Action No: 07 Civ. 10294 (DC) |
| MEREDITH TRANBERG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br>Defendants. | Civil Action No: 07 Civ. 10341 (UA) |

| | |
|---|---|
| ANTON RAPPOLD, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>CITIGROUP INC., CITIBANK, N.A.., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN and JANE DOES 1 - 10,<br><br>      Defendants. | Civil Action No: 07 Civ. 10396 (UA) |
| SAMIER TADROS, on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> v.<br><br>CITIGROUP INC., CHARLES O. PRINCE, C. MICHAEL ARMSTRONG, ALAIN J.P. BELDA, GEORGE DAVID, KENNETH T. DERR, JOHN M. DEUTCH, ROBERTO HERNANDEZ RAMIREZ, ANN DIBBLE JORDAN, KLAUS KLEINFELD, ANDREW N. LIVERIS, ANNE MULCAHY, RICHARD D. PARSONS, JUDITH RODIN, ROBERT E. RUBIN, ROBERT E. RUBIN, FRANKLIN A. THOMAS, JOHN DOES 1-20 (BEING CURRENT AND FORMER MEMBERS OF THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC.) and JOHN DOES 21-40 (BEING CURRENT AND FORMER MEMBERS OF THE INVESTMENT COMMITTEE OF THE CITIGROUP INC. 401(K) PLAN),<br><br>      Defendants. | Civil Action No: 07 Civ. 10442 (UA) |

| | |
|---|---|
| STEPHAN FIORINO, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>   v.<br><br>CITIGROUP INC., CITIBANK N.A., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br>                  Defendants. | Civil Action No: 07 Civ. 10458 (UA) |
| JAMES BOLLA, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>   v.<br><br>CITIGROUP INC., CITIBANK N.A., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br>                  Defendants. | Civil Action No: 07 Civ. 10461 (UA) |

| | |
|---|---|
| MARK GEROULO, individually, on behalf of the CITIGROUP 401(k) Plan, the CITIBUILDER 401 (K) PLAN FOR PUERTO RICO, and all others similarly,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP, INC., CITIBANK, N.A., THE PLAN ADMINISTRATIVE COMMITTEE OF CITIGROUP, INC., MICHAEL E. SCHLEIN, JOHN DOES 1-10, THE CITIGROUP 401(k) PLAN INVESTMENT COMMITTEE and JOHN DOES 10-20, C. MICHAEL ARMSTRONG, ALAIN J.P. BELDA, GEORGE DAVID, KENNETH T. DERR, JOHN M. DEUTCH, ROBERTO HERNANDEZ, ANN DIBBLE JORDAN, ANDREW N. LIVERIS, DUDLEY C. MECUM, ANNE M. MULCAHY, RICHARD D. PARSONS, ANDRALL E. PEARSON, CHARLES PRINCE, JUDITH RODIN, ROBERT E. RUBIN, FRANKLIN A. THOMAS, SANFORD I. WEILL,<br><br>Defendants. | Civil Action No: 07 Civ. 10472 (UA) |

### *GRAY AND TADROS* PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR (1) CONSOLIDATION, (2) APPOINTMENT OF LEAD PLAINTIFFS AND LEADERSHIP STRUCTURE, AND (3) ENTRY OF [PROPOSED] PRETRIAL ORDER NO. 1

Marian P. Rosner, Esq.
Andrew Lencyk, Esq.
James Kelly-Kowlowitz
**WOLF POPPER LLP**
845 Third Avenue
New York, New York 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

Robert I. Harwood, Esq.
Daniella Quitt, Esq.
Samuel K Rosen, Esq.
**HARWOOD FEFFER LLP**
488 Madison Avenue
New York, New York 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

Proposed Co-Lead Counsel for Plaintiffs

Plaintiffs Stephen Gray, Samier Tadros, and James Bolla ("*Gray* Plaintiffs" or "Plaintiffs") submit this memorandum in support of their motion for entry of [Proposed] Pretrial Order No. 1 filed herewith:

1. consolidating the above captioned actions;

2. appointing the *Gray* Plaintiffs as Interim Co-Lead Plaintiffs on behalf of a proposed class of participants and beneficiaries of the Citigroup 401(k) Plan, and the Citibuilder 401(k) Plan for Puerto Rico (the "Plans"); and

3. appointing Wolf Popper LLP ("Wolf Popper") and Harwood Feffer LLP ("Harwood Feffer") as Interim Co-Lead counsel of the proposed class.

## I. INTRODUCTION

To date, at least 8 actions have been filed in the United States District Court for the Southern District of New York against Citigroup, Inc. ("Citigroup" or "the Company") and related ERISA fiduciaries on behalf of participants in, and beneficiaries of, the Plans.[1] Each complaint seeks relief under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Plaintiffs allege that Defendants breached their fiduciary duties by making and maintaining investment in Citigroup stock when it no longer was prudent to do so.[2] Plaintiffs seek relief pursuant to sections 409 and 502(a)(2)&(3) of ERISA, 29 U.S.C. §§ 1109 & 1132(a)(2) & (3), on behalf of the Plans for losses sustained as a result of the Defendants' breaches of fiduciary duty.

To promote judicial economy, the Court may consolidate the ERISA cases and appoint interim lead plaintiffs and class counsel. Stephan Gray, Samier Tadros, and James Bolla together lost well over $275,000 of their retirement assets as a result of the Citigroup 401(k) Plan's investment in Citigroup Inc., common stock during the Class Period (defined below).

---

[1] All of the actions have been assigned to or referred to Judge Stein (including the first filed action), except for *Rose, v. Citigroup, Inc., et al*, No. 07-CV-10294, which was assigned to Judge Chin, and *Geroulo v. Citigroup, Inc., et al*, No. 07-CV-10472, which is unassigned.

[2] All of the actions assert a class period from January 1, 2007 to the present (the "Class Period"), except for *Rose v. Citigroup, Inc., et al*, No. 07-CV-10294, which asserts a class period from January 19, 2007 to the present, and *Geroulo v. Citigroup, Inc., et al*, No. 07-CV-10472, which asserts a class period from January 1, 2004 to the present.

Each of the proposed lead plaintiffs has claims typical of the class and has no conflicts in their ability to vigorously prosecute this case. In determining the appointment of class counsel, Fed. R. Civ. P. 23(g)(1)(C)(i) provides that the Court must (i) consider the work counsel has done in identifying or investigating potential claims in the action, (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (iii) counsel's knowledge of the applicable law, and (iv) the resources counsel will commit to representing the class.

Wolf Popper, an experienced class action firm, filed the first case in this action on November 5, 2007, with a detailed complaint as a result of its investigations, well before any other firm, and since then has dedicated substantial time and resources to advancing the case. Harwood Feffer also has extensive experience litigating ERISA claims (and other class action claims based on fiduciary duty) and has recovered substantial sums in these matters. Harwood Feffer and Wolf Popper also have a close working relationship, as the firms are currently working together as co-lead interim counsel in another ERISA breach of fiduciary duty class action in this District against American International Group, Inc., in which the firms have defeated defendants' motions to dismiss *in toto*. Accordingly, the firms of Wolf Popper and Harwood Feffer respectfully submit that it would be in the best interests of the proposed class of participants and beneficiaries of the AIG Plans to appoint Wolf Popper and Harwood Feffer as Co-Lead Counsel. We believe this leadership structure has the support of the majority of the actions filed. Together, Wolf Popper and Harwood Feffer will litigate this case in an efficient and effective manner in order to obtain the largest recovery possible for the class.

## II. ARGUMENT

Given the substantial similarity of the parties and claims in the above-captioned actions, Plaintiffs have followed the guidance of the *Manual for Complex Litigation* (4th ed.2004) ("*Manual*") and submit for the Court's approval a proposed form of Pretrial Order No. 1 which: (1) provides for the consolidation of these related actions; (2) establishes efficient procedures for the filing and docketing of papers; (3) appoints interim lead plaintiffs; (4) proposes an

2

organization of Plaintiffs' counsel; and (5) otherwise eliminates wasteful and duplicative litigation.³

For the reasons below, Plaintiffs respectfully submit that [Proposed] Pretrial Order No. 1 should be entered by the Court. The proposed order will promote the orderly and efficient conduct of this action in a manner that is consistent with the recommendations of the *Manual*.

### A.    Consolidation of Cases.

Rule 42 of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* E.D. Mich. LR 83.11(b)(3), "To promote judicial efficiency in cases not requiring reassignment under these Rules, the Judges, after notice to the parties and opportunity to respond, may jointly order consolidation of some or all aspects of related cases."

The above-captioned actions assert claims under ERISA against similar defendants. The actions involve common questions of law or fact. Specifically, all of them allege that fiduciaries of the Plan breached their duties to participants and beneficiaries in connection with the Plan's investments in Citigroup common stock, and in connection with Citigroup's high-risk business practices and exposure related to the subprime mortgage market and structured investment vehicles ("SIVs"). These actions should therefore be consolidated pursuant to Fed. R. Civ. P. 42(a).

Proposed Class Counsel further request, for similar purposes of efficiency and effective administration, that additional class actions filed in or transferred to this district asserting claims under ERISA in connection with the above-stated allegations, be similarly consolidated herewith and subject to the Court's order.

---

³ *See* Declaration of Marian P. Rosner in Support of *Gray* and *Tadros* Plaintiffs' Motion for (1) Consolidation, (2) Appointment of Lead Plaintiffs and Leadership Structure, and (3) Entry of [Proposed] Pretrial Order No. 1, (hereinafter referred to as the "Rosner Decl."), ¶ 2.

3

B.   **Orderly Procedures for Captioning and Filing Documents**

In addition to providing for consolidation, the Proposed Order establishes procedures for the captioning, filing and docketing of papers in these related actions, and in any cases that may hereafter be filed in or transferred to this Court. These procedures include the establishment of a uniform caption and master docket for the filing of documents relating to the consolidated actions. Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this. *See Manual* § 21.12. In addition, this type of order has been used in numerous other cases in which the ERISA cases have been consolidated.[4]

C.   **The Proposed Leadership Structure.**

1.   **Proposed Interim Lead Plaintiffs.**

Plaintiffs were participants of one or more of the Plans during the Class Period. Significant portions of their retirement savings in the Plans were invested in Citigroup stock as a result of the way the Plans were administered by the Plans' fiduciaries. These investments have been decimated by the failure of the Plans' fiduciaries to exercise their fiduciary duties to do what was necessary under the law to protect the Plans.[5] The Plans have tens of thousands of participants who suffered tremendous losses as a result of the recent Citigroup collapse. On an interim basis pending class certification, Plaintiffs seek to represent the interests of all of the participants of the Plans who suffered similar losses as is required in an action on behalf of the Plans under ERISA § 502(a)(2), 29 U.S.C. § 1102(a)(2). Plaintiffs do not anticipate that their will be any conflicts among the different Plans, as participants of all the Plans challenge conduct that applies to all Plans, and any recovery will be allocated to all Plans on a *pro rata* basis based on the amount of Citigroup stock held by the Plans.

---

[4] *See e.g., In Re Royal Dutch/Shell Transport Erisa Litigation*, No. 04-1398, pre-trial order attached as Exhibit A to the Declaration of Robert Harwood in Support of *Gray* and *Tadros* Plaintiffs' Motion For (1) Consolidation, (2) Appointment of Lead Plaintiffs and Leadership Structure, and (3) Entry of [Proposed] Pretrial Order No. 1. ("Harwood Decl.").

[5] All of the above-captioned actions seek recovery on behalf of the two Citigroup Plans above, the Citigroup 401(k) Plan and the Citibuilder 401(k) Plan for Puerto Rico.

4

2.  **Proposed Counsel Structure.**

The proposed order implements the procedures suggested by the *Manual for Complex Litigation* by designating Lead Counsel for Plaintiffs. *See Manual* §§ 10.22, 40.22.[6] As stated in the *Manual*, in determining lead counsel, the court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Id.* at § 10.22. Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221. When appointing interim lead counsel, it is "generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. at 57.

Fed. R. Civ. P. 23(g)(1)(C)(i) specifies that in appointing class counsel, the court must consider:

- the work counsel has done in identifying or investigating potential claims in the action,

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

- counsel's knowledge of the applicable law, and

- the resources counsel will commit to representing the class.

Plaintiffs propose the following counsel structure, which, as described herein, satisfies the requirements of Fed. R. Civ. P. 23(g)(1)(C)(i):

<u>*Co-Lead Counsel*</u>

Marian P. Rosner
**Wolf Popper LLP**

Robert I. Harwood
**Harwood Feffer LLP**

---

[6] As examples of the operation of these procedures, counsel herein also refers the Court to lead counsel appointment orders from other cases including: *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) and *In re WorldCom Inc. ERISA Litig.*, 02-4816 (DLC) (S.D.N.Y Sept. 18, 2002), 2002 WL 31095170, (Rosner Decl., Exhibit B).

5

Plaintiffs propose that the proposed Co-Lead Counsel be appointed as interim lead counsel pursuant to Fed. R. Civ. P. 23(g)(2)(A), which provides for the designation of interim class counsel to act on behalf of a putative class before the determination of whether to certify the action as a class action.

**D.     The Leadership Structure Proposed by Plaintiff Satisfies the Requirements of Rule 23(g)(1)(C)(i) and is in the Best Interests of the Plans' Participants and Beneficiaries.**

   **1.     Counsel for the Plaintiffs has Demonstrated a Commitment to Identifying and Investigating Potential Claims in This Action.**

The first Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which focuses on the work counsel has done to advance the litigation, strongly favors the *Gray* Counsel. Wolf Popper filed the first case on November 5, 2007, well before any other firm filed, and has dedicated substantial resources to advancing the case. The firm's attorneys and staff (including a full time private investigator, two certified public accountants, and a financial analyst) have extensively investigated Citigroup's alleged wrongdoing, reviewed court actions and pleadings, as well as media and other reports, and communicated with Citigroup's general counsel regarding the preservation of documents. In addition, as is its standard practice in ERISA cases, Wolf Popper has also requested plan documents from Citigroup pursuant to ERISA § 104(b), and submitted FOIA requests to the Securities and Exchange Commission ("SEC") and the Department of Labor ("DOL") regarding this case. Wolf Popper has already negotiated an agreement with Defendants' counsel to obtain plan documents and communicated with a number of aggrieved plan participants, in preparation for the consolidated complaint. *See* Rosner Decl. ¶ 5. Harwood Feffer has also conducted substantive investigations and has sought not to duplicate the work already commenced by Wolf Popper.

Based on *Gray* Counsel's prior experience bringing and pursuing ERISA claims such as those asserted here against Citigroup, *Gray* Counsel fully understand the substantial investment of time and resources necessary to properly pursue and lead the Citigroup ERISA case, and are committed to making the necessary investment in this case.

6

2. **Counsel For Plaintiffs Have Experience In Class Actions And Other Complex Litigation, The Claims Asserted In This Case, And Have Knowledge Of The Law Applicable In This Case.**

The second and third Fed. R. Civ. P. 23(g)(1)(C)(i) factors, which address counsel's relevant class action experience and knowledge of applicable law, also strongly favor the *Gray* Counsel. Plaintiffs propose that the prosecution of this case be lead by Wolf Popper and Harwood Feffer. Wolf Popper and Harwood Feffer are uniquely qualified to lead this prosecution on behalf of participants in the Citigroup Plans. Wolf Popper is a highly regarded and experienced complex and class action firm with a well known record of success pursuing financial, accounting, and securities fraud – matters which are highly relevant to this litigation. Wolf Popper also has substantial experience in litigating ERISA 401(k) and company stock litigation, and has successfully litigated many other class action claims based on breaches of fiduciary duty.[7]

Harwood Feffer has taken a leading role among plaintiffs' firms in pursuing employee lawsuits and ERISA violations on behalf of participants and beneficiaries in employer-sponsored benefit plans. The Firm has served or currently serves as lead or co-lead counsel in dozens of ERISA class actions and has recovered substantial sums in these matters in addition to bringing about significant structural changes to employee benefit plans.[8]

Wolf Popper and Harwood Feffer have previously worked together in large complex class actions, and have obtained substantial recoveries for class members. Currently, Harwood Feffer and Wolf Popper are co-lead interim counsel in *In Re AIG ERISA Litigation*, Master File No. 04-cv-9387 (JES) (AJP) (S.D.N.Y.), where defendants' motions to dismiss the consolidated

---

[7] *See* Rosner Decl., Exhibit C (complete resume of Wolf Popper).

[8] *See* Harwood Decl., Exhibit B (complete resume of Harwood Feffer).

7

complaint has already been defeated *in toto*. Harwood Feffer and Wolf Popper also have the support of the vast majority of the plaintiffs' counsel in the above captioned actions.[9]

### 3. Counsel for Plaintiff have the Resources Necessary to Represent the Class.

The final Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports the *Gray* Counsel's proposed leadership structure. Wolf Popper and Harwood Feffer are well established and successful law firms that have the resources and personnel necessary to pursue a case of this magnitude. *Gray* Counsel has successfully pursued numerous large-scale class actions from start to finish. Similarly, they have a proven tract record of managing ERISA company stock suits and have invested substantial resources in these efforts. *Gray* Counsel will apply the same principles in this case and dedicate the resources necessary to zealously represent the interests of Citigroup Plan participants in this action.

### III. CONCLUSION

The moving *Gray* Plaintiffs each bring an action seeking recovery on behalf of the Plans, in which they are participants, and foresee no conflicts in the prosecution of this action, and are thus typical and adequate representatives of the Class. Wolf Popper has substantial and well known class action experience, including experience in ERISA company stock class actions, and, in addition, initiated and has already taken concrete steps to advance this litigation. Harwood Feffer offers vast knowledge and commitment to this area of the law, and a track record of success pursuing ERISA company stock class actions. For these and the other reasons stated above, Plaintiffs respectfully request that the Court enter [Proposed] Pre-Trial Order No. 1.: (1) consolidating the above-captioned cases; (2) appointing Plaintiffs as Interim Lead Plaintiff; and

---

[9] To the best of Gray Counsel's knowledge, plaintiffs' counsel in all but one of the seven above referenced actions support the proposed Co-Lead structure of Wolf Popper and Harwood Feffer.

(3) appointing Harwood Feffer and Wolf Popper as Co-Lead Counsel to act on behalf of ERISA class plaintiffs.

Dated: November 26, 2007

Respectfully submitted:

_____
Marian P. Rosner (MR-0410)
Andrew Lencyk (AL-4329)
James Kelly-Kowlowitz (JK-9616)
**WOLF POPPER LLP**
845 Third Avenue
New York, New York 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

_____
Robert I. Harwood, Esq. (RH-3286)
Daniella Quitt, Esq. (DQ-1963)
Samuel K Rosen (SR-3287)
**HARWOOD FEFFER LLP**
488 Madison Avenue
New York, New York 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

**Proposed Co-Lead Counsel for Plaintiffs**

9