UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEPHEN GRAY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CITIGROUP INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,

Defendants.

Civil Action No: 07 Civ. 9790 (SHS)

---

SHAUN ROSE, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

CITIGROUP INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 10,

Defendants.

Civil Action No: 07 Civ. 10294

---

MEREDITH TRANBERG, individually and on behalf of all others similarly situated

Plaintiff,

v.

CITIGROUP INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,

Defendants.

Civil Action No: 07 Civ. 10341

---

| | |
|---|---|
| ANTON RAPPOLD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CITIGROUP INC., CITIBANK, N.A., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN and JANE DOES 1 - 10,<br><br>Defendants. | Civil Action No: 07 Civ. 10396 |
| SAMIER TADROS, on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>CITIGROUP INC., CHARLES O. PRINCE, C. MICHAEL ARMSTRONG, ALAIN J.P. BELDA, GEORGE DAVID, KENNETH T. DERR, JOHN M. DEUTCH, ROBERTO HERNANDEZ RAMIREZ, ANN DIBBLE JORDAN, KLAUS KLEINFELD, ANDREW N. LIVERIS, ANNE MULCAHY, RICHARD D. PARSONS, JUDITH RODIN, ROBERT E. RUBIN, ROBERT E. RUBIN, FRANKLIN A. THOMAS, JOHN DOES 1-20 (BEING CURRENT AND FORMER MEMBERS OF THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC.) and JOHN DOES 21-40 (BEING CURRENT AND FORMER MEMBERS OF THE INVESTMENT COMMITTEE OF THE CITIGROUP INC. 401(K) PLAN),<br><br>Defendants. | Civil Action No: 07 Civ. 10442 |

-----------------------------------------------------x

| | | |
|---|---|---|
| STEPHAN FIORINO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CITIGROUP INC., CITIBANK N.A., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br>Defendants. | : | Civil Action No: 07 Civ. 10458 |

-----------------------------------------------------x

| | | |
|---|---|---|
| JAMES BOLLA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CITIGROUP INC., CITIBANK N.A., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br>Defendants. | : | Civil Action No: 07 Civ. 10461 |

-----------------------------------------------------x

| | |
|---|---|
| MARK GEROULO, individually, on behalf of the CITIGROUP 401(k) Plan, the CITIBUILDER 401 (K) PLAN FOR PUERTO RICO, and all others similarly,<br><br>Plaintiff,<br>v.<br><br>CITIGROUP, INC., CITIBANK, N.A., THE PLAN ADMINISTRATIVE COMMITTEE OF CITIGROUP, INC., MICHAEL E. SCHLEIN, JOHN DOES 1-10, THE CITIGROUP 401(k) PLAN INVESTMENT COMMITTEE and JOHN DOES 10-20, C. MICHAEL ARMSTRONG, ALAN J.P. BELDA, GEORGE DAVID, KENNETH T. DERR, JOHN M. DEUTCH, ROBERTO HERNANDEZ, ANN DIBBLE JORDAN, ANDREW N. LIVERIS, DUDLEY C. MECUM, ANNE M. MULCAHY, RICHARD D. PARSONS, ANDRALL E. PEARSON, CHARLES PRINCE, JUDITH RODIN, ROBERT E. RUBIN, FRANKLIN A. THOMAS, SANFORD I. WEILL,<br><br>Defendants. | Civil Action No: 07 Civ. 10472 |

| | |
|---|---|
| ALAN STEVENS, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>CITIGROUP INC., CITIBANK, N.A, CHARLES PRINCE, C. MICHAEL ARMSTRONG, ALAIN J.P. BELDA, GEORGE DAVID, KENNETH T. DERR, JOHN M. DEUTCH, PETER JOHNSON, ROBERTO HERNANDEZ RAMIREZ, ANDREW N. LIVERIS, ANNE MULCAHEY, RICHARD D. PARSONS, JUDITH RODIN, ROBERT E. RUBIN, ROBERT L. RYAN, FRANKLIN A. THOMAS, THE PLANS ADMINISTRATION COMMITTEE OF CITIGROUP, INC., THE INVESTMENT COMMITTEE and JOHN DOES 1-30,<br><br>Defendants. | Civil Action No: 07 Civ. 11156 |
| STEPHEN GOLDSTEIN, on Behalf of Himself and a Class of Persons Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>CITIGROUP INC., THE PLANS ADMINISTRATION COMMITTEE OF CITIGROUP, INC., MICHAEL E. SCHLEIN, CHARLES PRINCE, C. MICHAEL ARMSTRONG, ALAIN J.P. BELDA, GEORGE DAVID, KENNETH T. DERR, JOHN M. DEUTCH, ROBERTO HERNANDEZ RAMIREZ, ANDREW N. LIVERIS, ANNE MULCAHEY, RICHARD D. PARSONS, JUDITH RODIN, ROBERT E. RUBIN, ROBERT L. RYAN, AND FRANKLIN A. THOMAS, And JOHN DOES 1-30,<br><br>Defendants. | Civil Action No: 07 Civ. 11158 |

| | |
|---|---|
| CHRIS SOUTHARD, on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>CITIGROUP INC., CHARLES O. PRINCE, C. MICHAEL ARMSTRONG, ALAIN J.P. BELDA, GEORGE DAVID, KENNETH T. DERR, JOHN M. DEUTCH, ROBERTO HERNANDEZ RAMIREZ, ANN DIBBLE JORDAN, KLAUS KLEINFELD, ANDREW N. LIVERIS, ANNE MULCAHY, RICHARD D. PARSONS, JUDITH RODIN, ROBERT E. RUBIN, ROBERT E. RUBIN, FRANKLIN A. THOMAS, JOHN DOES 1-20 (BEING CURRENT AND FORMER MEMBERS OF THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC.) and JOHN DOES 21-40 (BEING CURRENT AND FORMER MEMBERS OF THE INVESTMENT COMMITTEE OF THE CITIGROUP INC. 401(K) PLAN),<br><br>Defendants. | Civil Action No: 07 Civ. 11164 |

| | |
|---|---|
| WILLIAM and PATRICIA WOODWARD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>CITIGROUP INC., CHARLES PRINCE, ROBERT E. RUBIN, C. MICHAEL ARMSTRONG, ALAIN J.P. BELDA, GEORGE DAVID, KENNETH T. DERR, JOHN M. DEUTCH, ROBERTO HERNANDEZ RAMIREZ, ANDREW N. LIVERIS, ANN MULCAHEY, RICHARD D. PARSONS, JUDITH RODIN, ROBERT L. RYAN, FRANKLIN A. THOMAS, ANN DIBBLE JORDAN, KLAUS KLEINFELD AND DUDLEY C. MECUM, and JOHN and JANE DOES 1-10,<br><br>Defendants. | Civil Action No: 07 Civ. 11207 |

| | |
|---|---|
| FRANCIA BRICK, individually and on Behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CITIGROUP INC., CHARLES PRINCE, THE PLAN'S ADMINISTRATIVE COMMITTEE OF CITIGROUP, INC., THE 401(k) INVESTMENT COMMITTEE, And JOHN DOES 1-10,<br><br>Defendants. | Civil Action No: 07 Civ. 11369 |

**DECLARATION OF ROBERT A. IZARD**

I, Robert A. Izard, declare as follows:

1. I am a Shareholder in the law firm Schatz Nobel Izard, P.C.

2. Attached hereto as Exhibit A is a true and correct copy of a transcript of the June 29, 2005 hearing in *In re AIG ERISA Litig.*, Master File No. 04-cv-9387 (JES) (AJP) (SDNY).

3. Attached hereto as Exhibit B is a true and correct copy of an order *In re AIG ERISA Litig.*, Master File No. 04-cv-9387 (JES) (AJP) (SDNY Aug. 3, 2005).

4. On November 29, 2007, I called Marian Rosner of Wolf Popper to request a copy of the *Tranberg* complaint. She told me that *Tranberg* was not her case and that I should call Jeff Squire of Brager Wexler. On November 30, I spoke with Mr. Squire who told me that he was out of the office and that I should call Ms. Rosner for the Complaint because *Tranberg* was actually Ms. Rosner's case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of January, 2008.

/s/
Robert A. Izard

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

IN RE:

AMERICAN INTERNATIONAL GROUP, INC. ERISA ACTIONS

Lead Case: 04 CV 9387 (JES)

------------------------------------x

New York, N.Y.
June 29, 2005
4:10 p.m.

Before:

HON. JOHN E. SPRIZZO,

District Judge

APPEARANCES

WOLF POPPER
Attorneys for Plaintiffs
BY: MARIAN P. ROSNER

KELLER ROHRBACK
Attorneys for Plaintiffs
BY: GARY A. GOTTO

WECHSLER HARWOOD
Attorneys for Plaintiffs
BY: ROBERT I. HARWOOD

SQUITIERI & FEARON
Attorneys for Plaintiffs
BY: LEE SQUITIERI

PAUL, WEISS, RIFKIND, WHARTON & GARRISON
Attorneys for Defendant AIG
BY: LEWIS CLAYTON

THE COURT: Go ahead.

MS. ROSNER: Marian Rosner from Wolf Popper, and I would like to first move for the admission pro hac vice of Gary Gotta of Keller Rohrback. And I have the papers.

THE COURT: These are the ERISA actions; right?

MS. ROSNER: The ERISA actions. There are eight of these actions presently before you, and we are very pleased to finally have you as the judge. We have been bounced to about four different judges.

THE COURT: Why was this case bounced around so much?

MS. ROSNER: I guess for the same reason, they have shares.

THE COURT: They didn't have them, they bought them. Jeffrey Grant told me a long time ago that if you got a case you don't want, buy shares of stock.

MS. ROSNER: There are eight ERISA cases before your Honor. Six of them support my firm and Keller Rohrback as co-counsel. That motion is opposed by Mr. Squitieri and Mr. Harwood.

We need, I guess, a hearing date for that motion.

THE COURT: Why is there a lead counsel in an ERISA action?

MS. ROSNER: That's the precedent, your Honor.

THE COURT: They're not Securities Act claims; are they?

MS. ROSNER: No, they're all the ERISA claims. Mr. Gotto could address that.

MR. CLAYTON: Your Honor, Lewis Clayton from Paul Weiss for the AIG defendants.

From our perspective, because I was listening to the derivative argument, and I think the point came through very clearly we should do this once, we should do it efficiently, we shouldn't do duplicative discovery. From our perspective, we are neutral as to who the lead counsel is on the ERISA side, but we would like a lead counsel because it makes it easier for us to deal with issues like discovery and scheduling.

THE COURT: If you agree on that, what is the fight about?

MS. ROSNER: We don't agree.

THE COURT: Tell me what you don't agree on, I'll rule today on the issue.

MS. ROSNER: We were the first firm to file an ERISA case, and we did so after an investigation that learned that AIG merged with a company called American General, and the AIG stock plan became -- it was worth $600 million as result of that merger. We were the first file and find that out and consolidate claims. To make a long story short, we were on file for maybe five months alone.

THE COURT: When did you file your action?

MS. ROSNER: Here.

THE COURT: When?

MS. ROSNER: In December. We then filed an 81 page amended complaint and were contacted by other people who were in different plans within the AIG ERISA plans, and we filed an 81 page amended complaint in I believe April. We were still alone in the case.

Eventually about seven more cases were filed using our complaint as a model, and we then were contacted by Keller Rohrback, which is one of the premium firms in the country, on AIG, and we agreed to be co-lead counsel with them, given the fact that we had both the initiative and whatever and they also had the expertice.

THE COURT: Are these going to be class actions at some point?

MS. ROSNER: Class action. As I said, the majority of the ERISA cases on the file support that structure. There really is no reason why it shouldn't be granted, except the fact that two of the firms simply dispute our being co-lead counsel and want to be co-lead counsel themselves.

THE COURT: Why?

MR. SQUITIERI: Your Honor, Lee Squitieri from Squitieri & Fearon. We are in fact a competing lead counsel group.

Let me give you a fuller background than what Ms. Rosner gave. Her first complaint filed in November,

December, whenever it was, was not as full as it is now. It was just a bid rigging case that basically copied the Attorney General's general complaint, said these bid rigging things made a pension purchase of stock an imprudent investment. In April they filed an amended complaint. We filed our complaint, the Phillips complaint, approximately a week later. Mr. Harwood filed after that.

We approached Wolf Popper and said there are three cases on file, I think there may have been four at that time, not eight, not ten, and we said why don't we work together on this case. The response from that firm, through Ms. Rosner's partner Mr. Levy, was no, we are controlling the case, we were here first, we're not working with anybody else in any cooperative way, we'll be the lead counsel and the sole lead counsel.

MS. ROSNER: That's not --

THE COURT: Well, you'll get a chance to respond.

MR. SQUITIERI: That's not the way to do that. We have well-established claims here, and we filed a complaint which is an original complaint.

THE COURT: These are ERISA claims. What is it, kind of joint stockholders, what is it, an employee fund?

MS. ROSNER: Employee funds.

MR. SQUITIERI: 401(K) plans.

THE COURT: Subject to the abuse of discretion

standard, I guess.

MS. ROSNER: That's correct.

MR. SQUITIERI: Yes. So we tried to come to an accommodation with them to joint leadership structure, efficient, and one person would be -- appoint one person but everybody would have some decision making input, and they refused. The Keller Rohrback firm only came in at the very end.

THE COURT: Who else was objecting? You, I take it.

MR. SQUITIERI: There's one competing motion.

THE COURT: I don't understand why I should appoint lead counsel at all in this case.

MS. ROSNER: Well, your Honor, the precedent has been to do that in ERISA cases.

THE COURT: But tell me why, not what other judges have done.

At some point I will have to rule upon a motion for class action certification, at that time point I will decide basically what lawyers should represent the lead class action plaintiff. Once I determine that, we'll have a lead counsel.

MR. HARWOOD: With eight cases and eight sets of lawyers pounding the defendants with eight separate requests and scheduling class action depositions, making eight different class action notices --

THE COURT: I could deal with that very simply by

staying discovery. So that's the way I resolve the motion for class action.

MS. ROSNER: The precedent has been in this Court, and Mr. Gotto from Keller Rohrback has been in some of the biggest ERISA cases, Worldcom, Global Crossing, et cetera, et cetera, has always been a lead or co-lead counsel.

THE COURT: But there will be one once I resolve the class action. The problem with this is I don't want to appoint lead counsel now then later on decide that the person that I appointed as lead counsel is not representing a plaintiff who adequately represents the interests of the class, because that's a separate threshold you have to cross. And once I cross that threshold as to who is the most representative member of the class to prosecute the action on behalf of the class, then at that point in time I'm going to rule on whether that lawyer should be taking the lead in this litigation. So if I do it now, I face the risk that I may change my mind here, and what good is it?

MR. HARWOOD: Your Honor has discretion to change his mind later.

THE COURT: My question is what is gained by appointing lead counsel now other than appointing someone for the purpose of funneling --

MR. HARWOOD: It would streamline the litigation, your Honor, and make it easier for the defendants to coordinate with

one point person, and it would guide strategy.

THE COURT: When we get to discovery, that will be true, but I'm not going to go to discovery until we have discovery first on the class action motion.

MR. GOTTO: Your Honor, if I may, Gary Gotto.

The procedure that we followed in many of the substantial cases, Enron, Worldcom, some of the other case that we have been lead counsel with and has worked quite well is there to be initial ERISA only discovery, limited discovery, ERISA plan documents, committee minutes, et cetera. That then permits the filing of a consolidated amended complaint that names the right people as defendants.

THE COURT: I assume you have had access to those documents already before you brought your complaint.

MR. GOTTO: Only some of them. We have not had access to committee minutes or documents evidencing the appointment of planned fiduciaries.

So the procedure would be to get those documents, to file an amended complaint, and for that to be the first step before the class certification procedure. And in order to streamline and I think make that process efficient, having lead counsel appointed to do so is what makes the most sense, and that I think has been the reason other courts have followed that procedure.

MR. CLAYTON: If I may, your Honor, we don't have any

problem with providing the kinds -- presumably they have the documents they need because they already filed eight complaints or so, but we don't have any problem with providing them the materials that they're due under the ERISA statute. As your Honor may know, under the ERISA statute, someone who is a participant, whether there is litigation or not gets access to plan documents.

THE COURT: They have a right to see them under the law.

MR. CLAYTON: And we have given them. I don't know if we have given this particular set of lawyers --

THE COURT: That's why I was surprised when I'm told after the plaintiffs filed they haven't had access to the documents.

MR. CLAYTON: Absolutely. So if there are more materials they believe they are entitled --

THE COURT: Maybe nobody just went down and looked.

MR. CLAYTON: If there are more materials that they're entitled to under ERISA, we're happy to discuss that with any of the counsel who filed cases. And if we owe them documents --

What I don't want to have happen is for there to be discovery in this case, because, as your Honor says, number one, do we have an adequate class member, and there's going to be real issues here about adequacy on the class side. It's

exactly the issues your Honor was focusing on.

THE COURT: Why don't I just assume that, save them the trouble of going down and looking at documents they have a right to see, that you make available to them whatever document they have a right to receive under the law.

MR. CLAYTON: Absolutely.

THE COURT: Make those available within the next two weeks.

MR. CLAYTON: If they want to give us a list of things they think we haven't given, we'll start talking to them immediately, your Honor.

THE COURT: Then I should proceed to the question of class action certification.

MS. ROSNER: Your Honor, the problem is we have to file a consolidated complaint, and one of the things that we need to do that is the identity of the retirement board, which has not been disclosed to us.

THE COURT: Identity of the retirement board?

MR. GOTTO: The individual fiduciaries.

MS. ROSNER: The name is John Does in the discovery we have so far.

THE COURT: I don't understand that.

MR. SQUITIERI: We'll get that.

THE COURT: That's got to be something that you're entitled to get under the law.

MR. CLAYTON: We don't have to take the time of all the people sitting here to --

THE COURT: That's why I was surprised when I was told -- I think maybe nobody went down to look. That's all stuff that you have a right to see.

MR. GOTTO: Your Honor, to date their position has been as to the American General plan they would not provide the information because the litigation was pending.

THE COURT: American General plan?

MS. ROSNER: It's American General that merged with AIG, that's how the AIG plan got funded with the AGG stock.

THE COURT: Is there one plan or two?

MS. ROSNER: Three.

THE COURT: Three.

MR. CLAYTON: There at least were three plans.

But your Honor, I think the question of this very basic ERISA information that they seek is something we can work out. And I have not -- I don't question what counsel says, but I have not had any communications with him about this issue.

THE COURT: So I can appoint a lawyer for the purpose of passing on the information until we are ready to see the case, but I'm not prejudging the question of class action at this point.

MR. CLAYTON: Those are real issues.

THE COURT: Because I don't know upon what basis I

would make the decision. The Securities Act tells me to do it based on the size of interest, but this is not that kind of case.

MS. ROSNER: Your Honor, under Rule 26G there are four factors that you apply in deciding lead counsel in a case like this. One is -- there are four factors, we cite them in our brief. One is the initiative of counsel so far getting the work done, two, general experience in the field, so --

THE COURT: All of which I will have to revisit for the class action motion.

MS. ROSNER: But someone has got to file the amended complaint. It's not productive to consult with eight people in order to agree on an amended complaint. Somebody has to take responsibility to file that complaint. Now we have done -- our complaint, like it or not, has been the model for everyone else's complaint. We have filed an 81 page amended complaint that basically contains all the claims and has plaintiffs' all three plans, which they do not.

THE COURT: I don't see why you can't cooperate with consolidating a claim.

MR. SQUITIERI: Your Honor, may I make a suggestion?

THE COURT: Yes.

MR. SQUITIERI: I will suggest you use your discretion to appoint the class counsel at the appropriate time. For the time being, perhaps the Court would consider designating

Ms. Rosner's firm as first filed case, my firm as a second filed case as two coordinating counsels in the interim. And in other words, we take charge of coordinating, the defendant doesn't have to call eight attorneys, the Court doesn't have to call eight attorneys.

THE COURT: That's fine with me. I take it you'll take the responsibility of filing the second amended complaint.

MR. SQUITIERI: That's correct.

MS. ROSNER: Your Honor, I think that's unfair to Keller Rohrback.

THE COURT: What's unfair about that? He's not being asked to work.

MR. GOTTO: Your Honor, the suggestion here is Mr. Squitieri filed the second case.

THE COURT: You know what we're talking about. Everyone worries about how the fees are going to be carved up at the end. But that's not something that you have to worry about now, that depends on who the class action lawyer is. That's where you are going to ultimately determine who gets what from the pie, so to speak. I practiced law for 25 years, I know what you're really fighting about.

MR. GOTTO: But your Honor, I think the point here, too, is that the complaint that gets filed needs to be the best complaint that can be filed in the best interest of the class.

MR. SQUITIERI: No one seeking to exclude input.

THE COURT: I would assume you should all be able to agree upon a consolidated class action.

MS. ROSNER: I don't know, your Honor. They have a complaint --

THE COURT: If you can't all agree, I won't take a consolidated class action complaint, because if their argument is we don't like your consolidated complaint and we have -- we want it differently, then why should I proceed on the basis of a consolidated complaint when some of the people who are sued here don't like what you have done?

That's the whole thing here. They have clients they represent, individual clients, and they're not required to file the complaint that you want to file. That's the problem with a consolidated complaint, it only works if everybody agrees on what it's supposed to say. If you don't agree, then why should I take a consolidated complaint? I'll keep the three complaints the way they are. There is no reason for a consolidated complaint if the parties can't agree to what it should be.

MS. ROSNER: I don't know how the defendants feel about moving to dismiss against three separate complaints.

MR. CLAYTON: Your Honor, I think it's very easy to overestimate the differences. There are eight different complaints, they're not night and day. They're certainly not identical, but they're pretty similar. It isn't as if one is

taking one approach --

THE COURT: All three of you are a committee to draft a consolidated complaint and coordinate discovery. You can delegate among yourselves what functions you want to perform.

MR. HARWOOD: Thank you very much.

MR. CLAYTON: Thank you, your Honor.

THE COURT: That takes care of it.

Now what about the class action motion?

MS. ROSNER: Who is the committee?

THE COURT: You are three are the committee.

MR. CLAYTON: Four.

THE COURT: Four, all right, fine. I don't care what it is, I thought there were just three.

MR. CLAYTON: As long as I am not on the committee.

THE COURT: Who is the fourth?

MR. SQUITIERI: Squitieri Fearon.

THE COURT: I thought you two were together.

MR. HARWOOD: Those two are together. We filed separate complaints.

THE COURT: So one, two, three, four. So you will be a committee of four and you will delegate yourselves what functions you want each person to perform.

MS. ROSNER: I thought you designated us to be the point person.

THE COURT: You can be the point person if you want

to.

MS. ROSNER: We're the first filed case.

THE COURT: You can delegate among yourselves about who handles --

MS. ROSNER: If you don't appoint us, we'll be back here tomorrow with another motion.

MR. HARWOOD: This will come as a surprise to the Court, but the four people in front of you have worked together many, many years in many, many cases cooperatively. The argument you are hearing now has nothing to do with the quality of the consolidated complaint.

THE COURT: When am going to get a class action motion?

MS. ROSNER: You will, your Honor, but I thought you had appointed us as point person.

MR. HARWOOD: Judge, the four of us can work cooperatively.

THE COURT: I appointed a committee. If they all agree that you should be the point person, that's fine with me. If you don't agree and two are on one side and two are on the other, I will make the call.

MS. ROSNER: That's why I said we'll be back here.

THE COURT: Anyway, so that's enough for our purposes.

What about the class action motion?

MR. CLAYTON: Your Honor, I would suggest that when

they get together -- my prediction is that under your Honor's --

THE COURT: Why don't I fix a date for the filing of the consolidated complaint.

MR. CLAYTON: Then we'll work from there, because we need to see what is in that, then we can focus on the time.

THE COURT: So 30 days to file a consolidated class action complaint?

MR. GOTTO: On the assumption we get the materials in --

THE COURT: 60 days? I don't really care.

MR. HARWOOD: 60 days.

THE COURT: So 60 days, July 29th -- August 29th.

August 29th, I'm a month ahead of myself, or behind, I should say. Then we'll have another conference in September, you'll tell me what the situation is, whether you'll make a motion, bearing in mind how difficult it is to get a motion to dismiss granted, or whether or not you want to go ahead with the class action discovery.

MR. CLAYTON: We will look at it.

Thank you, your Honor.

THE COURT: Have a good day now.

o0o

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/5/05

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARGARET B. AMIDEI, OSCAR F. SALEH, and GRACE C. BAXTER, individually and on behalf of others similarly situated,

Plaintiffs,

v.

AMERICAN INTERNATIONAL GROUP, INC., MAURICE R. GREENBERG, HOWARD I. SMITH, DONALD P. KANAK, MARTIN J. SULLIVAN, RICHARD A. GROSIAK, AXEL I. FREUDMANN, PATRICIA R. MCCANN, JOHN DOES 1-20 (AIG RETIREMENT BOARD),

Defendants.

ECF Case

Civ. Action No. 04-cv-9387 (JES) (AJP)

**[PROPOSED] ORDER OF CONSOLIDATION AND PRELIMINARY SCHEDULE OF PROCEEDINGS**

TERRY PHILLIPS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AMERICAN INTERNATIONAL GROUP, INC., et al.,

Defendants.

Civ. Action No: 05-cv-4142 (JES) (AJP)

EMMA TOY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AMERICAN INTERNATIONAL GROUP, INC., et al.,

Defendants.

Civ. Action No: 05-cv-4221 (JES) (AJP)

| | |
|---|---|
| CHRISTOPHER TONLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>Defendants. | Civ. Action No: 05-cv-4257 (JES) (AJP) |
| MARIA SERGI and JAMES O. BRITT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>Defendants. | Civ. Action No: 05-cv-4266 (JES) (AJP) |
| PEDRO J. NIEVES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>Defendants. | Civ. Action No: 05-cv-4352 (JES) (AJP) |

| | |
|---|---|
| LINDA ADAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>Defendants. | Civ. Action No. 05-cv-4439 (JES) (AJP) |
| THOMAS SINYARD, individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>Defendants. | Civ. Action No: 05 Civ. 5675 (JES) (AJP) |
| JOSEPH SARACO, on behalf of himself and a class of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>Defendants. | Civ. Action No: 05 Civ. 6179 (JES) (AJP) |

IT IS HEREBY ORDERED as follows:

1. The actions entitled *Amidei v. American International Group, Inc., et al.*, Case No. 04 CV 9387; *Phillips v. American International Group, Inc., et al.*, Case No. 05 CV 4142; *Toy v. American International Group, Inc., et al.*, Case No. 05 CV 4221; *Tonley v. American International Group, Inc., et al.*, Case No. 05 CV 4257; *Sergi v. American International Group, Inc., et al.*, Case No. 05 CV 4266; *Nieves v. American International Group, Inc., et al.*, Case No. 05 CV 4352; *Adams v. American International Group, Inc., et al.*, Case No. 05 CV 4439; *Sinyard v. American International Group, Inc., et al.*, Case No. 05 CV 5675, and *Saraco v.*

*American International Group, Inc., et al.*, Case No. 05 CV 6179, (the "Actions") are hereby consolidated pursuant to Fed. R. Civ. P. 42(a).

2. All actions filed in the future in this District or transferred to this District that allege ERISA claims arising out of the same or substantially similar facts as alleged in the Actions will be consolidated with the law numbered case: 04 CV 9387.

3. For the purposes of this Order, a "Related Action" is any purported class action or direct action, brought under the Employee Retirement Income Security Act ("ERISA") § 502(a)(2), (3), 29 U.S.C. § 1132(a)(2), (3), and involving questions of law or fact common to the above-captioned Actions, within the meaning of Fed. R. Civ. P. 42(a).

4. This Order shall apply to each Related Action subsequently filed in or transferred to this Court, unless a party objecting to the consolidation of such a case or to any other provision of this Order shall, within twenty (20) days after the date upon which a copy of this Order is mailed to counsel for such party, file an application, with notice to the Provisional Committee (as defined below) and counsel for defendants in this Action, for relief from this Order or any provision herein, and this Court deems it appropriate to grant such application.

5. All Related Actions subsequently filed in or transferred to this Court shall be consolidated for all purposes with this Action.

6. When a Related Action is hereafter filed in or transferred to this Court and assigned to the Honorable John E. Sprizzo, the Clerk of the Court shall:

a) Mail a copy of such order of relatedness or transfer to the Provisional Committee (as defined below) in this Action;

b) Place a copy of this Order in the separate file for such newly filed or transferred action; and

c) Make an appropriate entry in the Master Docket.

7. Plaintiffs' Counsel in this Action shall promptly mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case. The attorneys for the

plaintiff(s) in the newly filed or transferred case shall thereafter promptly serve a copy of this Order upon any new defendants or their counsel in the newly filed or transferred case.

8. The Court requests the assistance of all counsel in calling to the attention of the Clerk of the Court the filing or transfer of any case which might properly be consolidated as part of this Action.

9. The Clerk of the Court will maintain a master docket and case file under the following caption:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In Re AIG ERISA Litigation | : | Master File No.: 04-CV-9387 (JES) (AJP) |

All orders, pleadings, motions, and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each applicable constituent case.

10. All orders, pleadings, motions, and other documents served or filed in this Action will bear the caption of "In Re AIG ERISA Litigation." To the extent Related Actions are consolidated with this Action, if a document is applicable to all of the constituent actions, such caption shall also include the notation that the document is related to "All Cases" and be filed and docketed only in the master file. Documents intended to apply only to one or more, but not all, of the constituent cases shall indicate in their caption the specific case number of the case or cases to which they apply and extra copies of each document shall be provided to the Clerk to facilitate filing and docketing both in the master case file and in each of the specified individual case files.

11. The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she, or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

12.    The law firms of Wolf Popper LLP, Squitieri & Fearon, LLP, Wechsler Harwood LLP, and Keller Rohrback L.L.P. shall constitute a provisional committee (the "Provisional Committee"), on behalf of all Plaintiffs' Counsel, and shall share responsibility among all Plaintiffs' Counsel in the Consolidated Actions, including the drafting and filing of a Consolidated Amended Class Action Complaint, the briefing of any motion to dismiss, and the class certification motion, and any matters pertaining thereto. This committee shall serve until the appointment of co-lead counsel after determination of the class certification motion.

13.    In performing its duties and responsibilities, the Provisional Committee members shall consult with one another and coordinate their activities to prevent inefficiency or duplicative work.  In the event of a dispute among Provisional Committee members, the Provisional Committee shall jointly seek guidance from the Court.

14.    Service of pleadings and other papers by defendants shall be made only upon Wolf Popper LLP, Keller Rohrback L.L.P., Squitieri & Fearon LLP, and Wechsler Harwood LLP, which are authorized and directed to accept service on behalf of all ERISA plaintiffs.

15.    The parties have conferred and reached agreement with respect to a voluntary production by American International Group, Inc. of certain documents and/or information which the parties expect will be provided to the Provisional Committee on or before August 12, 2005.

16.    Any documents or information provided to the Provisional Committee by American International Group, Inc. shall be deemed to have been provided to plaintiff(s) in any subsequently filed and consolidated actions, and American International Group, Inc. shall not be required to provide the same documents or information to any party in any subsequently filed and consolidated actions.

17.    The Consolidated Amended Class Action Complaint shall be filed by August 29, 2005.

18. The Consolidated Complaint shall be the operative complaint and shall supercede all complaints filed in any of the actions consolidated herein. Pending filing and service of the Consolidated Complaint, Defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the above-captioned actions herein or any actions subsequently consolidated with them. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, Defendants shall not be required to answer, plead, or otherwise move with respect to that complaint. If a plaintiff in any such case is permitted to use a separate complaint, each Defendant shall have sixty (60) days from the date the Court grants such permission within which to answer, plead, or otherwise move with respect to that complaint.

SO ORDERED this 5 day of August 2005.

HONORABLE JOHN E. SPRIZZO
UNITED STATES DISTRICT JUDGE